NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 22 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1434

| | |
|---|---|
| SABIAN W. GREEN, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> CITY OF CHICAGO, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 3624 <br><br> William T. Hart, <br> *Judge.* |

**O R D E R**

Sabian Green was fired by the City of Chicago for using sick leave to account for work missed while he was in jail. The Office of the Inspector General, upon being informed of Green's arrest, had initiated an investigation and recommended that he be fired. Green's supervisor followed the recommendation. Green, who is African American, sued the City under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), contending that he was punished excessively because of his race and gender. The district court granted

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

summary judgment for the City after concluding that Green could not make out a prima facie case of discrimination. In the court's view, Green could not establish that he was meeting the City's legitimate job expectations or that he was disciplined more severely than similarly situated employees of other races (Green had abandoned his gender claim at that point). The court also denied Green's request to reconsider his motion to compel the City to release confidential records of investigations of its employees.

On appeal Green largely reproduces the response that he submitted in opposition to summary judgment. He has not developed, as even pro se litigants must, a challenge to the court's analysis of his discrimination claim, *see* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and we see no obvious error. Green's only discernible argument is that the court should have compelled the City to provide the documents he earlier requested. But the court already had concluded that production of those materials was not warranted, and Green has not shown that the court's refusal to change its decision was an abuse of discretion. *See Davis v. G.N. Mortg. Co.*, 396 F.3d 869, 885 (7th Cir. 2005); *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003).

AFFIRMED.